**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALFRED ASHFORD, JR.,** | : | |
| **Petitioner** | : | |
| | : | **No. 1:20-cv-01118** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **WARDEN GREGORY BRIGGS, et al.,** | : | |
| **Respondents** | : | |

**<u>MEMORANDUM</u>**

On July 6, 2020, <u>pro se</u> Petitioner Alfred Ashford, Jr. ("Petitioner"), who is currently confined at the Dauphin County Prison in Harrisburg, Pennsylvania ("DCP"), initiated the above-captioned case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1), alleging that his detention pursuant to a probation violation warrant is unconstitutional.  Following an Order to show cause (Doc. No. 5), Respondents filed a response (Doc. No. 6).  In an Order dated August 7, 2020, the Court directed Respondents to file a supplemental response addressing Petitioner's assertion that he should be released from custody because of the current COVID-19 pandemic.  (Doc. No. 7.)  Respondents filed their supplemental response, including an affidavit executed on May 28, 2020, on August 10, 2020. (Doc. No. 8.)  In an Order dated August 20, 2020, the Court directed Respondents to file a more timely affidavit from the Warden of DCP within five (5) days.  (Doc. No. 9.)  Respondents filed a July 21, 2020 affidavit from Director of Corrections Brian S. Clark on August 20, 2020.  (Doc. No. 11.)  Petitioner has filed neither a traverse nor a motion seeking an extension of time to do so.  Accordingly, because the time period for filing a traverse has expired, Petitioner's § 2241 petition is ripe for disposition.  For the following reasons, the Court will dismiss Petitioner's § 2241 petition without prejudice for failure to exhaust his state court remedies.

I.      **BACKGROUND**

On November 7, 2019, Petitioner pled guilty to one count of theft by deception—false impression in the Court of Common Pleas for Dauphin County, Pennsylvania.  (Doc. No. 6-1 at 2.)  He was sentenced to one (1) to two (2) years' probation.  (Id.)  On February 19, 2020, the trial court issued a capias for Petitioner for violations of his probation.  (Id. at 4.)  Petitioner is currently incarcerated at DCP pursuant to that capias.[1]  (Doc. No. 1 at 2.)

In his § 2241 petition, Petitioner maintains that he is being detained unconstitutionally because his capias was disposed of "without [a] hearing."  (Id. at 6.)  He suggests that he had no hearing before disciplinary action was imposed.  (Id.)  Petitioner also vaguely suggests that frivolous accusations were made against him by witnesses.  (Id. at 7.)  Finally, Petitioner argues that he is entitled to release because he is "highly prone" to contracting COVID-19 while incarcerated at DCP.  (Id. at 8.)  As relief, Petitioner seeks to be released from DCP pending disposition of his probation violation proceedings.  (Id.)

In response, Respondents maintain that Petitioner "is incorrect that any disciplinary action has been imposed without a hearing" and that a "hearing will be scheduled at the earliest possible convenience based on the COVID pandemic."  (Doc. No. 6 at 2.)  Respondents assert further that Petitioner "has not exhausted any of his claims in state court."  (Id.)  With respect to Petitioner's argument concerning COVID-19, Respondents maintain that Petitioner is not

---

[1] The Court notes that the record is devoid of certain essential facts regarding Petitioner's probation violation proceedings.  For example, the state court docket does not indicate when Petitioner was arrested pursuant to the capias and does not provide information regarding the alleged probation violations.  The state court docket also appears to indicate that no judicial proceedings regarding the capias have be held since the capias was issued on February 19, 2020. (Doc. No. 6-1.)

2

entitled to release because DCP has established protocols for handling the pandemic.  (Doc. No. 8 at 2-3.)

## II.    LEGAL STANDARD

Under 8 U.S.C. § 2241(c), a prisoner or detainee may receive habeas relief only if he "is in custody in violation of the Constitution or laws or treaties of the United States."  See 28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989).  Because Petitioner is currently detained within the jurisdiction of this Court and asserts that his continued detention violates due process, this Court has jurisdiction over his § 2241 petition.  See Zadvydas v. Davis, 533 U.S. 678, 699 (2001); Spencer v. Kemna, 523 U.S. 1, 7 (1998).

## III.    DISCUSSION

As noted supra, Petitioner challenges his current detention on the probation detainer, alleging that it violates due process.  (Doc. No. 1 at 6-7.)  Petitioner suggests that his proceedings have been disposed of without a hearing and that the proceedings are based upon frivolous accusations by witnesses.  (Id.)  Finally, Petitioner vaguely suggests that he is "highly prone to catching the COVID-19 virus" and that DCP has "unsafe practice and no distancing."  (Id. at 8.)  Respondents maintain that Petitioner "is incorrect that any disciplinary action has been imposed without a hearing" and that a "hearing will be scheduled at the earliest possible convenience based on the COVID pandemic."  (Doc. No. 6 at 2.)  Respondents assert further that Petitioner "has not exhausted any of his claims in state court."  (Id.)

Section 2241 authorizes a federal court to issue a writ of habeas corpus to a detainee who "is in custody in violation of the Constitution or laws or treaties of the United States."  See 28 U.S.C. § 2241.  However, "that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning

of state criminal processes.'"  See Duran v. Thomas, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting

Moore v. DeYoung, 515 F.2d 437, 445-46 (3d Cir. 1975)).  Thus, a state detainee must first

exhaust his state court remedies before a federal court will ordinarily consider his federal habeas

claims.  See Lines v. Larkin, 208 F.3d 153, 159 (3d Cir. 2000).  Federal constitutional claims

must be fairly presented to the state courts before the claim is considered to be exhausted.  See

Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan v. Henry, 513 U.S. 364, 365 (1995)).

Moreover, "where state court remedies are unexhausted, principles of federalism and

comity require district courts to abstain from enjoining pending state criminal proceedings absent

extraordinary circumstances."  See Robertson v. Allegheny Cty. Ct. of Common Pleas, No. 12-

1080, 2012 WL 4712034, at *3 (W.D. Pa. Aug. 22, 2012) (internal quotation marks omitted),

report and recommendation adopted, 2012 WL 4712012 (W.D. Pa. Oct. 3, 2012).  Such

abstention applies when: "(1) there are ongoing state proceedings that are judicial in nature; (2)

the state proceedings implicate important state interests; and (3) the state proceedings afford an

adequate opportunity to raise the federal claims."  See Lazaridis v. Wehmer, 591 F.3d 666, 670

(3d Cir. 2010) (quotation omitted).  If these requirements are satisfied, "abstention is required

unless the petitioner demonstrates that the state proceedings are motivated by bad faith, the state

law being challenged is patently unconstitutional, or there is no adequate alternative state forum

where the constitutional issues can be raised."  See Robertson, 2012 WL 4712034, at *3.

In the instant case, a review of the state court docket for Petitioner's state criminal

proceedings indicates that there are no records disputing Petitioner's claim that he has yet to

receive any process regarding the pending probation violation allegations.  Petitioner, however,

has not filed any challenge to his probation violation detainer and his detention at DCP in the

state court.  While Petitioner "may be displeased with the pace of his state-court proceedings, his

displeasure does not rise to the level of an extraordinary circumstance requiring adjudication of a [§ 2241] habeas petition." See Cuevas v. Pennsylvania, No. 1:19-cv-1733, 2020 WL 1911511, at *3 (M.D. Pa. Apr. 20, 2020). Moreover, while the Court is sympathetic to Petitioner's concerns regarding COVID-19, the fact remains that the state courts are best suited to first address such concerns. See id. at *4. The Court, therefore, agrees with Respondents that Petitioner has failed to exhaust his state court remedies with respect to his claims for relief. Petitioner's § 2241 petition will, therefore, be dismissed without prejudice for failure to exhaust state court remedies.

## IV.     CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding initiated pursuant to 28 U.S.C. § 2241. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). In the case at bar, jurists of reason would not find the disposition of this case debatable. Accordingly, the Court will not issue a COA in this case.

**V.      CONCLUSION**

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) will be dismissed without prejudice and a COA will not issue.  An appropriate Order follows.